IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DON CORNELIUS NEWBY,

    Petitioner,

v.                                                                                     Civil Action No. **3:11CV844**

**DEPARTMENT OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Don Cornelius Newby, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Suffolk, Virginia ("Circuit Court") for domestic assault and battery, third offense. In his § 2254 Petition, the Court construes Newby to argue entitlement to relief based upon the following claims:

    Claim One:     The prosecution produced insufficient evidence to convict Newby. (§ 2254 Pet. 5.)[1]

    Claim Two:     Counsel provided ineffective assistance at trial. (*Id.* at 6.)

    Claim Three:     Counsel provided ineffective assistance for "failing to file required document or abandoning a client's case." (*Id.* at 8.)[2]

Respondent moves to dismiss the § 2254 Petition. Newby has responded. The matter is ripe for disposition.

---

[1] The Court employs the pagination assigned by the Clerk's CM/ECF docketing system for Newby's § 2254 Petition and attachments.

[2] The Court corrects the punctuation and capitalization in the quotations from Newby's submissions.

# I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Newby of domestic assault and battery, third offense, and sentenced him to five years, with two years and six months suspended. *Commonwealth v. Newby*, CR10000834-00, at 1–2 (Va. Cir. Ct. Nov. 17, 2010). Newby appealed this decision to the Court of Appeals of Virginia, arguing insufficient evidence existed to support the Circuit Court's finding of guilt. The Court of Appeals of Virginia affirmed the Circuit Court's decision. *Newby v. Commonwealth*, No. 0109-11-1, at 2–3 (Va. Ct. App. May 31, 2011). The Supreme Court of Virginia refused Newby's subsequent petition for appeal. *Newby v. Commonwealth*, No. 111225, at 1 (Va. Dec. 1, 2011).

Newby filed a petition for a writ of habeas corpus in the Circuit Court raising three claims of ineffective assistance of counsel and three claims of trial error. Finding that Newby failed to demonstrate ineffective assistance of trial counsel and that Newby defaulted the claims of trial error, the Circuit Court dismissed his petition. *Newby v. Dir., Dep't of Corr.*, No. [CL]10-1131, at 2–3 (Va. Cir. Ct. Sept. 1, 2011). Newby filed no appeal of this decision.[3]

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

---

[3] Respondent argues that Newby procedurally defaulted Claims Two and Three because Newby failed to raise these claims before the Supreme Court of Virginia by not pursuing any appeal of the Circuit Court's dismissal of his habeas petition. In light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), however, the fact that Newby had no counsel at his "initial-review collateral proceeding" may establish cause for the procedural default of his two claims of ineffective assistance of trial counsel. *Id.* at 1320. Due to the limited briefing by Respondent of *Martinez* and the evident lack of merit of the underlying claims, judicial economy dictates that the court address the merits of Claims Two and Three. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

3

The Circuit Court convicted Newby of assault and battery against a family member, third offense, in violation of section 18.2-57.2 of the Code of Virginia. As pertinent here, a conviction for third offense requires that the defendant commit an assault and battery of a household member and have two or more prior convictions for assault and battery against a household member within twenty years on different dates. Here, Newby only disputes that he committed the instant assault and battery and argues: "I have not gotten a fair trial because the victim has failed under violation of perjury *under oath*." (§ 2254 Pet. 15.)

The Court of Appeals aptly summarized the evidence of Newby's guilt as follows:

> So viewed, the evidence indicated that on May 31, 2010, appellant arrived at Ashlee Cross'[s] residence. Cross testified appellant appeared intoxicated and began to argue with her. He pushed his way into the residence, causing Cross to "f[a]ll back into the wall." Cross explained appellant became angry and threw a hot dog at her, hitting her head. She also stated that until she called the police, appellant refused to leave her residence.
> Officer Jennifer Vittum responded to the call. She reported she observed "[m]ilk strewn all over the living room" and "hotdog pieces all over the floor and in Ms. Cross's hair . . . ."
> Appellant admitted being at the residence and throwing the hot dog, but denied having hit Cross with it.

*Newby v. Commonwealth*, No. 0109-11-1, at 1-2 (Va. Ct. App. May 31, 2011) (alterations, other than first alteration, in original; omissions in original). In finding sufficient evidence to convict Newby, the Court of Appeals explained:

> Code § 18.2-57.2, in its enhanced punishment provisions, defines any act of simple assault or assault and battery against a family or household member in circumstances when it is proven that the defendant had two or more prior felony convictions for assault and battery of a family member, within a period of twenty years, as a Class 6 felony. The statute does not alter the common law definition of assault and battery. "[A] common law assault . . . occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." *Carter v. Commonwealth*, 269 Va. 44, 47, 606 S.E.2d 839, 841 (2005). "Assault and battery is 'the least touching of another, willfully or in anger.'" *Perkins v. Commonwealth*, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (quoting Roger D. Groot, *Criminal Offenses and Defenses in Virginia* 29 (4th ed. 1998)). "The defendant does not have to intend to do harm; a battery may

4

> also be 'done in the spirit of rudeness or insult.'" *Id.* (quoting Groot, *supra*, at 29 (footnote omitted)). The touching need not result in injury. *Gnadt v. Commonwealth*, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). A touching is not unlawful if the person consents or if the touching is justified or excused. *See id.*; Groot, *supra*, at 30 (observing that "an intentional touching which was not justified or excused is a battery").
>
> In finding appellant guilty, the trial court believed the Commonwealth's witnesses, specifically noting that Cross' version of the events was corroborated in part by the testimony of Vittum. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The record supports the trial court's credibility determination. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of third offense domestic assault and battery.

*Id.* at 2–3 (omission and alteration in original).

The Circuit Court found the testimony of Cross and Officer Vittum credible and rejected Newby's testimony as incredible. Cross testified that Newby hit her with a hot dog and Officer Vittum found hot dog pieces on the floor and in Cross's face and hair. (Aug. 30, 2010 Tr. 11–12, 21). Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Johnson*, 406 U.S. at 362). Accordingly, the Court will dismiss Claim One.

## IV.  INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Two, Newby recites the legal standard for ineffective assistance and claims he received ineffective assistance of counsel. Newby provides no factual allegations to support his claim. Because this claim consists of a conclusory allegation, Newby fails to demonstrate any deficiency of counsel or prejudice. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas relief appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Accordingly, Claim Two will be dismissed.

In Claim Three, Newby argues that counsel failed to file a "required document" and abandoned Newby's case. (§ 2254 Pet. 8.) In his attachment, Newby explains that counsel abandoned a "motion of discovery, within that discovery the victim testified in/on my behalf in *(low court under oath)*." (§ 2254 Pet. 15.) Newby fails to identify or proffer what favorable evidence the discovery motion would yield or how it would have affected the outcome of his trial. Thus, Newby's conclusory allegations insufficiently demonstrate deficient performance or prejudice under *Strickland. Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir 1990).

Also in Claim Three, Newby argues:

> My attorney support the Commonwealth position, (which the Commonwealth sought that judge we don't have no further evidence in this case) now my attorney, (Ms. Lori Butts Miller sought judge that's enough evidence to cer[t]ified to high court) which that's not her job to do or say, when she did that.

(§ 2254 Pet. 15.) In his Response to Respondent's Motion to Dismiss, Newby states that the above-referenced conduct constituting ineffective assistance occurred at his preliminary hearing. (Resp. Mot. Dismiss. 2.) Newby fails to explain, however, why he believes counsel's purported

6

statements at a preliminary hearing affected the outcome of his trial. The Circuit Court, during trial, heard the evidence in the form of testimony from Cross, Officer Vittum, and Newby himself. After hearing the evidence, the Circuit Court rejected Newby's testimony and found Cross's testimony, as corroborated by Officer Vittum, credible and sufficient to prove that Newby assaulted Cross. Newby fails to show that, but for any deficiency of counsel, a reasonable probability exists of a different result at trial. Accordingly, Claims Two and Three will be dismissed.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 14) will be GRANTED. Newby's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Order shall issue.

/s/ _____
John A. Gibney, Jr.
United States District Judge

Date: 3/11/13
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Newby fails to meet this standard.

7